**DONALD M. GINDY** (SBN# 45228)
E-Mail: don@gindylaw.com
Law Offices of Donald M. Gindy
1925 Century Park East, Suite 650
Los Angeles CA, 90067
Telephone: (424) 284-3123

Attorney for Plaintiff,
VBCONVERSIONS LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VBCONVERSIONS LLC, a California limited liability company<br><br>Plaintiff,<br><br>v.<br><br>LANDMARK WORLDWIDE HOLDINGS INTERNATIONAL, INC., a California corporation; LANDMARK WORLDWIDE LLC, a Delaware limited liability company; CHARANJIT MUDHAR, an individual; M. BUTKOV, an individual; V. KRISHNAN, an individual; DOES 1-10, inclusive;<br><br>Defendants. | Case No:<br><br>**COMPLAINT FOR:**<br><br>**1. COPYRIGHT INFRINGEMENT;**<br>**2. CONTRIBUTORY COPYRIGHT INFRINGEMENT;**<br>**3. VICARIOUS COPYRIGHT INFRINGEMENT;**<br>**4. VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT, § 1201(a);**<br>**5. REQUEST FOR INJUNCTIVE RELIEF**<br><br>***Demand for jury trial*** |

1
COMPLAINT

**COMES NOW**, the plaintiff, VBConversions LLC, a California limited liability company, which hereby alleges that defendants Landmark Worldwide Holdings International, Inc., a California corporation, Landmark Worldwide LLC, a Delaware limited liability company (collectively "Landmark") and Charanjit Mudhar, an individual, M. Butkov, an individual, and V. Krishnan, an individual, are liable to it for copyright infringement, contributory copyright infringement, vicarious copyright infringement and violation of the Digital Millennium Copyright Act, §1201(a)(1)(A) in connection with the plaintiff's copyrighted software entitled *VB.Net to C# Converter. Version 3.09* (hereinafter the "Program").   This action is based upon a federal question.

### A.    SUMMARY OF THE ACTION.

This action seeks damages and injunctive relief upon defendants' unauthorized actions directed at plaintiff's copyrighted software, the Program. Briefly, Mudhar, a licensee, permitted unauthorized access, copying, adaptation and distribution by the other individual defendants in violation of the VBC End User License Agreement ("EULA").

### B.    JURISDICTION.

1.    This action arises under the Copyright Act of the United States, 17 U.S.C. §101 and §501, et seq and the Digital Millennium Copyright Act, 17 U.S.C. §1201(a)(1)(A).  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1338(a). Jurisdiction is further founded upon the defendants' affirmation of a provision in a licensing agreement that the parties agree to subject themselves to the personal jurisdiction of the courts of the State of California.

2.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) & §1400(a). Plaintiff further alleges venue is proper as the result of a Forum Selection Clause in a license agreement affirmed by defendants designating the County of Los Angeles, State of California, as the appropriate location for hearing in the event of a

1    dispute arising out the license.

2        **C.    PARTIES**

3        3.    VBConversions LLC (hereinafter "VBC") is a California limited

4    liability company, whose principal office is located in Santa Monica, California.

5    VBC engages in the licensing of its software product, the Program, on the World

6    Wide Web of the Internet.

7        4.    Plaintiff is informed and believes and thereon alleges that Landmark

8    Worldwide Holdings, Inc., is a California corporation, with its principal headquarters

9    located at 353 Sacramento Street, Suite 200, San Francisco, CA 94111.   Upon

10   information and belief, plaintiff alleges that Landmark is engaged in the business of

11   personal development programs designed for individuals.

12       5.    Plaintiff is informed and believes and thereon alleges that Landmark

13   Worldwide LLC, is a Delaware limited liability company, with its principal

14   headquarters located at 353 Sacramento Street, Suite 200, San Francisco, CA 94111.

15       6.    Plaintiff is informed and believes and thereon alleges that at all

16   relevant times the co-defendant Charanjit Mudhar is an employee of Landmark in the

17   capacity as Chief Information Officer and Chief Technology Officer.

18       7.    Plaintiff is informed and believes and thereon alleges that at all

19   relevant times the co-defendant M Butkov is an employee of Landmark in the

20   capacity of computer programmer.

21       8.    Plaintiff is informed and believes and thereon alleges that at all

22   relevant times the co-defendant V. Krishnan is an employee of Landmark in the

23   capacity of computer programmer.

24

25       **D.    GENERAL ALLEGATIONS.**

26       9.    Plaintiff has registered its program with the Register of Copyright

27   and was given the registration number of TX 0007899628 for Version 3.09 of the

28   above entitled program.  It was registered on March 20, 2014. A copy of the

1   registration is attached hereto and incorporated by reference as **Exhibit "A."**

2        10.   VBC licenses its copyrighted program online at vbconversions.com.

3   VBC offers its program in a trial version for a limited time to potential purchasers.

4   In this instance, it is offered for 15 days and up to 2,000 lines of Visual Basic to

5   convert in any one project.  A party is permitted to try out the program and see if it

6   is suitable for their needs. If so, they may apply for a license by paying the standard

7   market fee. Prior to being permitted to use the Trial version, a prospective

8   purchaser must first affirm an End User Licensing Agreement ("EULA"). No

9   registration code is issued to trial users, unless and until they purchase a license.

10   Otherwise, the trial version of the program will not support conversion after 15

11   days.  A copy of the EULA is attached hereto as   **Exhibit "B."**

12        11.   The purchaser of a license acknowledges and agrees that the license

13   they receive has certain limitations.  The licensee is advised that the terms and

14   conditions of the license make it "…revocable, limited, **non-transferable** and a

15   non-exclusive license to use the Software Products."  Moreover, the licensee is

16   advised it "…may install and use one copy of the Software Product on a single

17   computer, device, workstation, terminal, or other digital electronic or analog device

18   ("Device")."  As a practice, VBC does not issue enterprise or seat licenses. To do

19   so would require a separate license agreement specific to the party, cost of the

20   license would be substantially increased and the number of computers, users and

21   physical location of the devices using the Program would have to be identified and

22   whether the licensee intended to create a derivative work and/or distribute the

23   adapted product.

24        12.   On April 17, 2014, at 3:48 p.m., GMT, Charanjit Mudhar accessed the

25   VBC website and affirmed the EULA.  Mudhar purchased a single seat license.

26   The standard market fee was tendered and a receipt was generated reflecting the

27   purchase. The purchase receipt shows Mudhar to be the purchaser.  The

28   confidential 25 digit alphanumeric registration code was issued to he alone

1  allowing him unlimited access to the Program.  A copy of the receipt of purchase is

2  attached hereto and incorporated by reference as **Exhibit "C."**

3        13.    Notwithstanding the admonishment found in the EULA about non-

4  transferability, licensee Mudhar exceeded the scope of the license and infringed

5  when he engaged in transferring his registration key to defendants Butkov and

6  Krishnan.  Accordingly, Mudhar knew or reasonably should have known of the

7  wrongfulness of the acts depicted hereinafter.  Mudhar, in disregard of the

8  exclusive rights of plaintiff, conveyed to Butkov and Krishnan his registration key

9  to the Program allowing the latter to gain unauthorized access and copying of

10  plaintiff's program. The acts complained of are, therefore, willful and deliberate

11  violations of the Digital Millennium Copyright Act, at §1201(a) and The Copyright

12  Act of 1976, at 17 U.S.C. §106(1)(2) & (3).

13        14.    In business programming, Visual Basic (VB) has one of the largest

14  user bases and is probably the most popular programming language. But many

15  developers look to more recent computer languages in order to enhance what they

16  do and to eliminate flaws found in earlier programs such as VB.  Newer languages

17  used by programmers include C, C+ and C++.  C# have evolved from these earlier

18  attempts at improving VB.

19        15.    C# is intended to be a simple, modern, general-purpose, programming

20  language. The language is intended for use in developing software components

21  suitable for deployment in many different environments. For instance, C#

22  compilers exist for just about every platform imaginable, including Mac, Linux,

23  Windows, Solaris, etc. C# is suitable for writing applications for both hosted and

24  embedded systems, ranging from the very large that use sophisticated operating

25  systems, down to the very small having dedicated functions.

26        16.    Plaintiff is informed and believes that at all times mentioned herein

27  defendants, and each of them, have engaged in and continue to engage in the

28  purchase and/or sale of goods and services within the County of Los Angeles, State

of California.

17.     The American Registry of Internet Numbers (ARIN) is a non-profit organization that is charged with the task of assigning internet protocol addresses to computers using the Internet.  It is one of five organizations around the globe charged with these duties. The geographic area assigned to ARIN is North America. ARIN provides information as to the Net Range of Computers, by IP address, owned and/or operated by parties within the above geographical region.

18.     Plaintiff is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, Named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. Plaintiff will seek leave to amend this complaint when their true names and capacities are ascertained.  Plaintiff is informed and believes and thereon alleges that all of the defendants, known and unknown, are in some manner responsible for the wrongs alleged herein and that at all times mentioned herein were the agents and servants or joint venturers/ partners-in-concert of the other Defendants, and acted within the course and scope of said agency and employment or within the parameter of their agreement.

19.     Plaintiff is informed and believes and thereon alleges that at all times relevant hereto, the named Defendants and DOES 1-10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Plaintiff further alleges that said defendants have a non-delegable duty to prevent or cause such acts and behavior described herein, which duty defendants failed and/or refused to perform. Plaintiff further alleges upon information and belief that each act, transaction or event hereinafter stated was directed, hosted, served and routed through a network operated and maintained by defendant TTPI.

/////////////////////////////////////////////////////

**FIRST CLAIM FOR RELIEF:** *Violation of 17 U.S.C.§106(1)& 501,et.seq., Direct Copyright Infringement against M. Butkov and V.Krishnan.*

20.    Plaintiff incorporates by reference paragraphs 1 through 19 as if the same were set forth fully herein.

21.    On or about April 17, 2014, defendant Mudhar affirmed the VBC EULA and registered for the Program [**Exhibit A**] as he is required to do and entered the confidential 25 digit alphanumeric code (key) issued to him. A registration key signifying his license was issued to him.  The registration key was noted to be: *****-*****-*****-*****-QB50G.[1]

22.    On April 24, 2014, at 4:51 p.m., PDT, the co-defendant M Butkov at said time and date installed the Program on a computer entitled WHQ101.  The Public Internet Protocol address of the said device is 209.116.52.2; the Private Internet Protocol address is 192.168.198.84.

23.    Commencing April 28, 2014, at 9:28 a.m. and on various dates through and including August 19, 2014, Butkov engaged in conversion of code by reason of his unauthorized access to and use of plaintiff's Program.  Butkov entered the 25 digit alphanumeric code to the non-transferable license belonging to Mudhar and commenced converting Visual Basic (VB) code to C#.  In the course of his conduct, he wrongfully converted VB to approximately 1,650,037 lines of C# on 17 separate occasions.

24.    On May 1, 2014, co-defendant V. Krishnan registered the Program on a computer entitled THINKCENTRE.  The Public IP of this computer is the same as that of Butkov's computer, i.e., 209.116.52.2; the Private IP differs slightly but appears to be on the same network, i.e., 192.168.177.1.

---

1.  The actual code is confidential and will not to be revealed in a public document such as a complaint.

25.    Commencing May 1, 2014, and again on May 5, 2014,  V. Krishnan, was provided with unauthorized access to and use of Mudhar's registration key. On the two above mentioned dates, Krishnan illegally converted code from VB to 189,094 lines of C# by reason of his ability to unlock and utilize the VBC Program. Each illegal use of VBC's Program by Butkov and Krishnan is found in "proofs" which are incorporated by reference and attached hereto as **Exhibit** "**D**."

26.    In the instances listed above, the converting activity was dedicated to assembly projects entitled "Landmark;" "CommonUtilities;" "USAControls;" "PrintNameTags;" and, "CCE." The lone exception occurred in the very last entry, the vb project was termed "tpWSHRCommissions."

27.    The total of all lines illegally converted to C# amounts to approximately 1,668,750. If the same number of lines of C# were magically converted to text, it would be roughly equivalent to .035% of the total or 58,406 pages of textual material. If the average book is 200 pages in length, it would be the equivalent of 292 books. This number would make a rather complete library.  Importantly, these are converted lines of code. An alternative evaluation would say there are 28 lines to a page. Divide 1,668,750 by 28 equals 59,598 pages of text or approximately the same as the preceding estimate.  In any case, this is an astonishing amount of copying which undoubtedly assisted Landmark in its business practice.

28.    Both Mr. Butkov and Mr. Krishnan become Direct Infringers of the Program, because they are the human beings who actually carried out the unauthorized violation of VBConversions' rights by reproducing, adapting and distributing the Program. [at 17 U.S.C. §501(a)]

29.    The employer stands liable on the alternative ground (and more simply stated) of the doctrine of Respondeat Superior for the torts of the employees within the scope of employment.

30.    Defendants, and each of them, are jointly and severally liable to Plaintiff in Actual Damages of a sum unknown to this time, but for all profits attributable to

the infringements, according to proof at time of trial.  In the alternative, defendants are jointly and severally liable for Statutory Damages of $150,000.00, as and for the willful and intentional infringement and unauthorized access, copying and usage of plaintiff's copyrighted programs.

**SECOND CLAIM FOR RELIEF:**  _**Contributory Copyright Infringement attributed to Charijit Mudhar.**_

31.    Plaintiff incorporates by reference paragraphs 1 through 30, as if the same were set forth fully herein.

32.    Defendant Charajit Mudhar assented to the terms and conditions of the EULA on April 17, 2014. As Chief Computer Programmer and Application Architect at Landmark, Mudhar knew or had reason to know as the result of affirming the license agreement that the single seat license he obtained was _not transferable_. Yet, despite the clear warnings found in the license, Mudhar provided his fellow employees, Butkov and Krishnan, with the confidential registration key permitting them to gain unlimited access to the Program.

33.    As a consequence, Mudhar exceeded the permitted scope of the license and became a contributory copyright infringer by materially assisting in the access, use and distribution of the Program to the other two defendants and turning a blind eye to their collective actions.

34.    Defendant Mudhar is jointly and severally liable to Plaintiff in Actual Damages of a sum unknown at this time, but for all profits attributable to the infringements, according to proof at time of trial.  In the alternative, he is jointly and severally liable for Statutory Damages of $150,000.00, as and for the willful and intentional infringement and unauthorized access, copying and usage of plaintiff's copyrighted programs.

**THIRD CLAIM FOR RELIEF:** *Vicarious Copyright Infringement attributed to Landmark Worldwide Holdings International, Inc., a California Corporation and/or Landmark Worldwide LLC,*

35.    Plaintiff incorporates by reference paragraphs 1 through 34,  inclusive, as if the same were set forth fully herein.

36.    Plaintiff is informed and believes and thereon alleges that at all times relevant to the actions complained of herein the employer, Landmark, had the right and ability to oversee, govern, control and direct its employee's actions, including, but not limited to, halting any adverse conduct in which its employees may be engaged, such as, preventing the transfer of a non-transferable license key among employees. The key was obtained by Charanjit Mudhar, an employee of Landmark. Thus, Landmark was actually or constructively aware of the license, but ignored the terms of the EULA stating it was a single seat, non-transferable license to the Program. Despite its awareness, Landmark failed to enforce the terms of the license upon its employees, which has led to the number of lines wrongfully converted to C#. The employer stands liable on the alternative ground (and more simply stated) of the doctrine of Respondeat Superior for the torts of the employees within the scope of employment.

37.     Plaintiff further alleges that as a proximate result of defendants' conduct, Landmark has profited in an amount and in a manner that would not have taken place, but for the appropriation of plaintiff's copyrighted software by its employees. Accordingly, defendants' have gained a direct financial benefit to which they are not entitled.

38.    Under the circumstances outlined above, Landmark is liable to plaintiff for Statutory Damages as a willful, vicarious copyright infringer in the amount of $150,000.00. Defendant is also liable for Actual Damages in an amount unknown at this time, but according to proof at time of trial.

**FOURTH CLAIM FOR RELIEF:** *Violation of the Digital Millennium Copyright Act, §1201(a)(1)(A).*

39.     Plaintiff incorporates by reference paragraphs 1 through 38, inclusive, as if the same were set forth fully herein.

40.     At all times mentioned herein, VBC had in force a confidential 25 digit alphanumeric code designed to control access to its copyrighted software.  It is only when a legitimate purchaser affirms the terms and conditions of the End User Licensing Agreement and pays the standard market fee that unlimited access to the licensed product is permitted. When adherence is satisfied plaintiff will issue to the licensee a non-exclusive, non-transferable license and provide legitimate code enabling unlimited access to the copyrighted program.  That is what occurred here in issuance of the license to defendant Mudhar.

41.     The code is intended as a technological measure for the purpose of protecting VBC's proprietary program. To gain access requires knowledge of the 25 digits issued by plaintiff. It is intended to exclude those who seek to circumvent the code and gain unauthorized access.

42.     The true number of acts of circumvention is unknown at this time, but plaintiff is informed and believes and thereon alleges that at least 24 occasions recited above occurred.

43.     As a consequence of defendants' unlawful and unauthorized circumvention of plaintiff's measures, plaintiff has sustained damages as previously set forth herein.

44.     The use of the circumvention device to gain access is an intentional and knowledgeable act by the defendants.  It is therefore willful and subjects defendants jointly and severally liable for the maximum allowed for Statutory Damages per act of circumvention or $2,500.00 on 24 occasions for a total of $60,000.00.

COMPLAINT

Alternatively, Plaintiff is entitled to Actual Damages for profits attributable to the acts of circumvention per 17 U.S.C. § 1203(c)(2), according to proof at time of trial.

**WHEREFORE**, plaintiff prays that the Court issue the following:

A.      Defendant be enjoined during the pendency of this action and permanently thereafter from appropriating, using or otherwise benefitting from plaintiff's copyrighted application software identified above without the express written approval of plaintiff or its delegate;

B.      Defendants be ordered to identify, preserve, set aside and retain any and all source code and executable files used by them in the in the infringement alleged above pursuant to Federal Rule of Civil Procedure 34, which includes, but is not limited to:(i) all electronically stored information which contains any portion of plaintiff's copyrighted program; (ii) all writings as defined in Federal Rule of Evidence 1001, which refer to or mention in any manner plaintiff's program, except to those items based on privilege.

C.      Pay plaintiff all damages sustained by him as the result of their unlawful acts, with prejudgment interest, as well as account for and pay for all gains and profits they have enjoyed at plaintiff's expense. In particular, Plaintiff demands compensation of at least $150,000.00 as and for Statutory Damages under the Copyright Act or Actual Damages for profits attributable to the infringement, both direct and indirect, according to law.

D.      Plaintiff demands at least $60,000.00 for violation of the applicable sections of the Digital Millennium Copyright Act, §1201(a), et seq., over and above those damages recited under the Copyright Act of 1976;

E.      Trial by jury.

F.      All costs of litigation, costs of suit, reasonable attorney fees and interest accrued at legal rates.

G.      Such other and further relief as the Court deems just under the

COMPLAINT

1  circumstances.

2

3  DATED:  February 16, 2017          **LAW OFFICES OF DONALD M. GINDY**

4

5  By: _____

6  Donald M. Gindy
   Attorney for Plaintiff
7  VBConversions LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13

1

**DEMAND FOR TRIAL BY JURY**

2      PLEASE TAKE NOTICE that Plaintiff VBCONVERSIONS, LLC hereby

3 demands a jury trial in this action.

4

5 DATED: February 16, 2017          **LAW OFFICES OF DONALD M. GINDY**

6

7                          By: _____

8                              Donald M. Gindy
                               Attorney for Plaintiff
9                              VBConversions LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14
COMPLAINT